# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued March 14, 2017        Decided May 19, 2017

No. 15-1495

JOHN A. TAYLOR,
PETITIONER

v.

MICHAEL P. HUERTA, AS ADMINISTRATOR, FEDERAL
AVIATION ADMINISTRATION,
RESPONDENT

Consolidated with 16-1008, 16-1011

On Petitions for Review of Orders
of the Federal Aviation Administration

*John A. Taylor*, pro se, argued the cause and filed the briefs for petitioner.

*R. Ben Sperry* was on the brief for *amicus curiae* TechFreedom in support of petitioner.

*Abby C. Wright*, Attorney, U.S. Department of Justice, argued the cause for respondent. With her on the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General at the time the brief was filed, *Michael S. Raab*, Attorney, and *Paul M. Geier*, Assistant General Counsel for

Litigation, Federal Aviation Administration. *Richard H. Saltsman*, Attorney, Federal Aviation Administration, entered an appearance.

Before: KAVANAUGH and WILKINS, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: Congress has charged the Federal Aviation Administration with maintaining the safety of the Nation's air traffic. As small unmanned aircraft (sometimes known as drones) have become more popular, the number of unmanned aircraft-related safety incidents has increased. In 2015, in an effort to address that trend, the FAA promulgated a rule known as the Registration Rule. That Rule requires the owners of small unmanned aircraft operated for recreational purposes to register with the FAA. Unmanned aircraft operated for recreational purposes are known as "model aircraft," and we will use that term throughout this opinion. Separately, the FAA published a notice, known as Advisory Circular 91-57A, announcing that model aircraft would be subject to certain flight restrictions in the Washington, D.C., area.

Petitioner John Taylor is a model aircraft hobbyist who is now required to register with the FAA. He has operated model aircraft from his home in the Washington, D.C., area, and he wants to continue to do so without registering or complying with the new flight restrictions. Taylor filed petitions in this Court to challenge the FAA's Registration Rule and the Advisory Circular.

To begin, Taylor does not think that the FAA had the statutory authority to issue the Registration Rule and require

him to register. Taylor is right. In 2012, Congress passed and President Obama signed the FAA Modernization and Reform Act. Section 336(a) of that Act states that the FAA "may not promulgate any rule or regulation regarding a model aircraft." Pub. L. No. 112–95, § 336(a), 126 Stat. 11, 77 (2012) (codified at 49 U.S.C. § 40101 note). The FAA's 2015 Registration Rule, which applies to model aircraft, directly violates that clear statutory prohibition. We therefore grant Taylor's petition and vacate the Registration Rule to the extent it applies to model aircraft.

Taylor challenges Advisory Circular 91-57A on the ground that the Circular likewise violates Section 336(a). That Circular prohibits the operation of model aircraft in various restricted areas, including the Flight Restricted Zone around Washington, D.C. But Taylor's petition challenging the Advisory Circular is untimely. By statute, a petitioner must challenge an FAA order within 60 days of the order's issuance unless there are reasonable grounds for delay. 49 U.S.C. § 46110(a). Taylor acknowledges that he filed his petition challenging the Advisory Circular outside the 60-day window. He did not have reasonable grounds for the late filing. His petition for review of Advisory Circular 91-57A is therefore denied.

I

Congress has directed the FAA to "promote safe flight of civil aircraft" and to set standards governing the operation of aircraft in the United States. 49 U.S.C. § 44701(a). Congress has also required "aircraft" to be registered before operation. *See id.* §§ 44101, 44103. To register, aircraft owners must complete a registration process that is quite extensive, as one would imagine for airplanes.

But the FAA has not previously interpreted the general registration statute to apply to model aircraft. Instead, the FAA has issued an optional set of operational guidelines for model aircraft. The FAA's Advisory Circular 91-57, titled Model Aircraft Operating Standards and published in 1981, provided suggestions for the safe operation of model aircraft. Under that Advisory Circular, compliance with the Circular by operators of model aircraft was voluntary. *See* J.A. 1.

As unmanned aircraft technology has advanced, small unmanned aircraft have become increasingly popular. In response, the FAA has taken a more active regulatory role. In 2007, the FAA promulgated a notice announcing a new regulatory approach to unmanned aircraft. *See* Unmanned Aircraft Operations in the National Airspace System, 72 Fed. Reg. 6689 (Feb. 13, 2007). In the notice, the FAA distinguished between commercial and recreational unmanned aircraft. Under the new regulatory approach, commercial unmanned aircraft are subject to mandatory FAA regulations. Those regulations require operators to report the aircraft's intended use, time or number of flights, and area of operation, among other things. *Id.* at 6690. By contrast, this notice did not alter the longstanding voluntary regulatory approach for model aircraft. *Id.*

In 2012, Congress weighed in on the debate over regulation of unmanned aircraft. Congress passed and President Obama signed the FAA Modernization and Reform Act of 2012, Pub. L. No. 112–95, 126 Stat. 11 (codified at 49 U.S.C. § 40101 note). The Act codified the FAA's longstanding hands-off approach to the regulation of model aircraft. Specifically, Section 336 of the Act, called the "Special Rule for Model Aircraft," provides that the FAA "may not promulgate any rule or regulation regarding a model aircraft." *Id.* § 336(a). The Act defines "model aircraft" as "an

unmanned aircraft that is — (1) capable of sustained flight in the atmosphere; (2) flown within visual line of sight of the person operating the aircraft; and (3) flown for hobby or recreational purposes." *Id.* § 336(c).

Notwithstanding that clear statutory restriction on FAA regulation of model aircraft, in December 2015 the FAA issued a final rule requiring owners of all small unmanned aircraft, including model aircraft, to register with the FAA. *See* Registration and Marking Requirements for Small Unmanned Aircraft, 80 Fed. Reg. 78,594 (Dec. 16, 2015). The Registration Rule requires model aircraft owners to provide their names; physical, mailing, and email addresses; and any other information the FAA chooses to require. *Id.* at 78,595-96. The Registration Rule also creates an online platform for registration, establishes a $5 per-individual registration fee, sets compliance deadlines, and requires all small unmanned aircraft to display a unique identifier number issued by the FAA. *Id.* Model aircraft owners who do not register face civil or criminal monetary penalties and up to three years' imprisonment. *Id.* at 78,630.

Also in 2015, the FAA withdrew Advisory Circular 91-57 and replaced it with Advisory Circular 91-57A. *See* J.A. 3-5. Among other things, the revised Circular provided that model aircraft could not fly within the Flight Restricted Zone covering Washington, D.C., and the surrounding areas without specific authorization. *See id.* at 5.

Petitioner Taylor is a model aircraft hobbyist living in the Washington, D.C., area. Taylor argues that Section 336 of the

FAA Modernization and Reform Act bars both the FAA's Registration Rule and Advisory Circular 91-57A.[1]

II

We first consider Taylor's challenge to the Registration Rule.

Section 336 of the FAA Modernization and Reform Act of 2012 provides that the FAA "may not promulgate any rule or regulation regarding a model aircraft." Pub. L. No. 112–95, § 336(a), 126 Stat. 11, 77 (2012) (codified at 49 U.S.C. § 40101 note). The FAA's 2015 Registration Rule is undoubtedly a rule. By requiring the prospective registration of all model aircraft, the Registration Rule announces an FAA "statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy." 5 U.S.C. § 551(4) (defining "rule" for purposes of the Administrative Procedure Act). In addition, the Registration Rule is a rule "regarding a model aircraft." FAA Modernization and Reform Act § 336(a). The Registration Rule sets forth requirements for "small unmanned aircraft, *including* small unmanned aircraft operated as *model aircraft*." Registration and Marking Requirements for Small Unmanned Aircraft, 80 Fed. Reg. 78,594, 78,594 (Dec. 16, 2015) (emphasis added). Lest there be any doubt about whether the Registration Rule is a rule "regarding a model aircraft" for purposes of Section 336, the

---

[1] Taylor also purports to challenge the FAA's October 2015 announcement that it was reviewing its registration requirements for model aircraft. *See* Clarification of the Applicability of Aircraft Registration Requirements for Unmanned Aircraft Systems (UAS) and Request for Information Regarding Electronic Registration for UAS, 80 Fed. Reg. 63,912 (Oct. 22, 2015). That challenge is subsumed by Taylor's challenge to the Registration Rule. We therefore do not separately consider it here.

Registration Rule states that its "definition of 'model aircraft' is identical to the definition provided in section 336(c) of Public Law 112–95," the FAA Modernization and Reform Act. *Id.* at 78,604.

In short, the 2012 FAA Modernization and Reform Act provides that the FAA "may not promulgate any rule or regulation regarding a model aircraft," yet the FAA's 2015 Registration Rule is a "rule or regulation regarding a model aircraft." Statutory interpretation does not get much simpler. The Registration Rule is unlawful as applied to model aircraft.

The FAA's arguments to the contrary are unpersuasive. *First*, the FAA contends that the Registration Rule is authorized by pre-existing statutory provisions that are unaffected by the FAA Modernization and Reform Act. Specifically, the FAA notes that, under longstanding statutes, aircraft are statutorily required to register before operation. *See* 49 U.S.C. §§ 44101, 44103. But the FAA has never previously interpreted that registration requirement to apply to *model* aircraft. The FAA responds that nothing in the 2012 FAA Modernization and Reform Act prevents the FAA from changing course and applying that registration requirement to model aircraft now. The FAA claims that the Registration Rule is therefore not a new requirement at all, but merely a "decision to cease its exercise of enforcement discretion." FAA Br. 20.

We disagree. The Registration Rule does not merely announce an intent to enforce a pre-existing statutory requirement. The Registration Rule is a rule that creates a new regulatory regime for model aircraft. The new regulatory regime includes a "new registration process" for online registration of model aircraft. 80 Fed. Reg. at 78,595. The new regulatory regime imposes new requirements – to register, to pay fees, to provide information, and to display identification –

on people who previously had no obligation to engage with the FAA. *Id.* at 78,595-96. And the new regulatory regime imposes new penalties – civil and criminal, including prison time – on model aircraft owners who do not comply. *See id.* at 78,630.

In short, the Registration Rule is a rule regarding model aircraft.[2]

*Second*, the FAA argues that the Registration Rule is consistent with one of the general directives of the FAA Modernization and Reform Act: to "improve aviation safety." FAA Modernization and Reform Act preamble. Aviation safety is obviously an important goal, and the Registration Rule may well help further that goal to some degree. But the Registration Rule is barred by the text of Section 336 of the Act. *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 188 (1994) ("Policy considerations cannot override our interpretation of the text and structure of the Act . . . ."). Congress is of course always free to repeal or amend its 2012 prohibition on FAA rules regarding model aircraft. Perhaps Congress should do so. Perhaps not. In any event, we must follow the statute as written.

In short, Section 336 of the FAA Modernization and Reform Act prohibits the FAA from promulgating "any rule or regulation regarding a model aircraft." The Registration Rule is a rule regarding model aircraft. Therefore, the Registration Rule is unlawful to the extent that it applies to model aircraft.

---

[2] We note that Section 336(b) expressly preserves the FAA's authority to "pursue enforcement action against persons operating model aircraft who endanger the safety of the national airspace system." FAA Modernization and Reform Act § 336(b). That provision, however, is tied to safety. It does not authorize the FAA to enforce any pre-existing registration requirement.

9

III

We next consider Taylor's challenge to FAA Advisory Circular 91-57A.  The Circular prohibits the operation of model aircraft in certain areas, including in the Washington, D.C., Flight Restricted Zone.  Taylor argues, among other things, that the Circular violates Section 336(a) of the FAA Modernization and Reform Act of 2012 because it too is a rule regarding model aircraft.

We need not consider that question because Taylor's challenge is untimely.  A person seeking to challenge an FAA order must file the challenge within 60 days of the order's issuance.  49 U.S.C. § 46110(a).  The FAA published notice of Advisory Circular 91-57A in the Federal Register on September 9, 2015.  *See* Revision of Advisory Circular 91–57 Model Aircraft Operating Standards, 80 Fed. Reg. 54,367 (Sept. 9, 2015).  Taylor filed his petition for review on January 12, 2016 – more than two months after the 60-day deadline had passed.

A court may allow a late petition filed if the petitioner has "reasonable grounds" for missing the deadline.  49 U.S.C. § 46110(a).  Taylor advances two grounds for his delay.  But neither constitutes reasonable grounds under this statute.

*First*, Taylor argues that the FAA did not provide adequate notice that it had issued the new Circular.  But on September 9, 2015, the FAA published its revisions in the Federal Register. *See* 80 Fed. Reg. 54,367.  And Congress has determined that publication in the Federal Register "is sufficient to give notice of the contents of the document."  44 U.S.C. § 1507.

*Second*, Taylor contends that the Advisory Circular itself was so confusing that it did not provide notice about the conduct it prohibited. That is inaccurate. The Circular states: "Model aircraft must not operate in Prohibited Areas, Special Flight Rule Areas or, the Washington National Capital Region Flight Restricted Zone, without specific authorization." J.A. 5.

Ultimately, Taylor admits that he simply did not know about the revised Circular until the FAA launched a "media blitz" to publicize it. Taylor Br. 68. That may be understandable. But under our precedent, Taylor must point "to more than simply ignorance of the order" as reasonable grounds for his delay. *Avia Dynamics, Inc. v. FAA*, 641 F.3d 515, 521 (D.C. Cir. 2011). Taylor has not done so. His petition for review of Advisory Circular 91-57A is therefore untimely.

\* \* \*

The FAA's Registration Rule violates Section 336 of the FAA Modernization and Reform Act. We grant Taylor's petition for review of the Registration Rule, and we vacate the Registration Rule to the extent it applies to model aircraft. Because Taylor's petition for review of Advisory Circular 91-57A is untimely, that petition is denied.

*So ordered.*